Kitchens *vs.* Hutchins.

---

Boaz Kitchens, trustee, plaintiff in error, *vs.* Richard H. Hutchins, defendant in error.

There was sufficient evidence in this case, showing that the value of the land levied on was greater than the amount due on the execution, to authorize the damages to be assessed on said amount.

Claim. Damages. Before Judge Clarke. Sumter Superior Court. April Term, 1873.

An execution in favor of Richard H. Hutchins against Boaz Kitchens and John S. Humphries, for the sum of $1,311 13,

besides interest and costs, based upon a judgment rendered at the October term, 1871, of Sumter Superior Court, was levied upon eight hundred acres of land in the county of Sumter, as the property of Kitchens. The land was claimed by said Kitchens as trustee for his wife and five minor children. When the issue thus formed was called for trial, the claim was withdrawn. The Court then permitted the plaintiff in execution to proceed before the jury for the purpose of claiming damages.

The execution, levy, claim, and two notes by said Kitchens and Humphreys, payable to Hutchins, as guardian for Emily A. and Eliza D. Hutchins, or bearer, one for $500 00, and the other for $811 13, dated April 20th, 1863, and due on January 1st next thereafter, were introduced in evidence.

*The plaintiff testified that the above notes were given in part of the purchase money of five hundred acres of land, which was then levied on; that he sold Kitchens the land, but did not know that he held the same in trust for his wife and children until recently; that the numbers of the lots of land on the plat annexed to the homestead papers are the same as he sold to Kitchens; that he had come from Macon twice in attending to this case at a cost of $25 00, and had lost five or six days; that money is worth two per cent. per month, and his time was worth to him $5 00 per day.

C. T. Goode, an attorney, testified that $200 00 would be a reasonable charge for attorney's fees in the case.

The claimant introduced the proceedings by which he had had set apart to him as a homestead, the land claimed, on December 23d, 1868.

The Court charged the jury, "that if they found that the claim was interposed for delay only, the claimant having withdrawn his claim, it was their duty to find for the plaintiff in *fi. fa.* such damages as were reasonable and just under the

---

*The levy is upon eight hundred acres of land, whilst the plaintiff in *fi. fa.* states that the sale was of five hundred. This discrepancy is in strict accord with the record. It is supposed that the levy embraced land not sold by plaintiff in *fi. fa.* (R.)

proof; that if they should find any damages, they should assess the same on the principal sum of said *fi. fa.*

The jury returned a verdict for the plaintiff of twenty per cent. on the principal sum of the execution. The claimant moved for a new trial on the ground of error in the above charge. The motion was overruled, and the claimant excepted.

JOHN R. WORRILL, for plaintiff in error.

LYON & IRVIN; HAWKINS & HAWKINS; N. A. SMITH, for defendant.

TRIPPE, Judge.

The Court charged the jury, "that if they found that the claim was interposed for delay only, it was their duty to find for the plaintiff such damages as were reasonable and just, under the proof; that, if they should find any damages, they should assess the same on the principal sum of the *fi. fa.*"

Exception is taken to this charge, because plaintiff in error alleges that there was no evidence showing that the value of the land exceeded the amount due on the *fi. fa.*, according to section 3742, new Code. It will be observed that the charge of the Court did not limit the jury so that they should not assess the damages at less than ten per cent. But the claimant cannot complain of that, as it could have done him no injury. The Court also said nothing as to the necessity of the proof showing that the value of the land was greater than the *amount of the execution*, as specified in the Code, where damages are to be assessed according to said amount. The exception is not to this omission in the charge, and, under the facts proven, it was an immaterial omission, for if the proof was sufficient that the value of the land was greater than the *principal* of the *fi. fa.*, and the jury assessed the damages on that principal, claimant has no right to complain on that point. The objection is, that the value of the land was not proven, so as to authorize the assessment to be made on the

principal of the *fi. fa.* The levy was on eight hundred acres. Plaintiff testified that in 1863 the notes on which the judgment was founded were given *in part payment* for five hundred acres of the land levied on. The proceedings, in assigning the homestead to claimant, showed that in the application made therefor, claimant, after describing the land, added—"$2,000 00 in gold." This was in 1868. The county surveyor stated in his return, under oath, that "to the best of his knowledge and belief the same was not worth more than $2,000 00 in specie." These proceedings were introduced in evidence by the claimant. It is true, that it is not expressly stated, either by the applicant (the claimant) or by the surveyor, that the land was of the value of $2,000 00 in specie. The application contains the expression "$2,000 00 in gold." The surveyor states it was not worth more than that. The plaintiff testifies that the $1,311 00, principal, due at the trial, was *part* of what was due for *five hundred* acres of the eight hundred acres levied on. Surely this was enough to require of claimant to show that the value of the whole at the trial was less than $1,311 00 *in currency*, if he was going to rely on that fact. At least, we cannot, with that proof, send the case back for a new trial. If the Court committed any error it was an error that did no damage to claimant. The jury were restricted to the principal of the *fi. fa.* That was $1,311 00. There was interest for more than eighteen months due at the trial. Section 3742, new Code, says: "Upon the trial * * * the damages shall be assessed upon *the whole amount then due* upon the execution, provided," etc. If there was error on this point it was against the defendant in error.

Judgment affirmed.